United States of America v. Brian Folks

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 17th day of December, two thousand twenty one.

Present:     ROSEMARY S. POOLER,
             JOSEPH F. BIANCO,
                     *Circuit Judges*.
             ERIC R. KOMITEE,[1]
                     *District Judge*.

---

UNITED STATES OF AMERICA,

                            *Appellee*,

               v.                                          20-3267-cr

BRIAN FOLKS, AKA MOE, AKA MOET HART,

                            *Defendant-Appellant*.

---

Appearing for Appellant:     Michelle Anderson Barth, Burlington, V.T.

Appearing for Appellee:      Barbara Schwabauer, Assistant United States Attorney (Erin H. Flynn, Assistant United States Attorney, *on the brief*), *for* Jonathan

---

[1] Judge Eric R. Komitee, United States District Court for the Eastern District of New York, sitting by designation.

A. Ophardt, Acting United States Attorney for the District of Vermont, Burlington, Vt.,

Kristen Clarke, Assistant United States Attorney General, Civil Rights Division, United States Department of Justice, Washington, D.C.

Appeal from the United States District Court for the District of Vermont (Sessions, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Brian Folks appeals from the September 23, 2020 judgment of the United States District Court for the District of Vermont (Sessions, *J.*) convicting him of drug-trafficking and sex-trafficking charges, including sex trafficking by force, fraud, or coercion and sex trafficking of a minor. Folks argues the district court erred when it denied his motion to suppress, that the district court abused its discretion when it denied his motion for a new trial, and that prosecutorial misconduct substantially prejudiced Folks such that a new trial is warranted. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

## I.      Motion to Suppress the Data Contained on Folks's Computer Tower

When reviewing the denial of a motion to suppress, we review the district court's rulings as to its findings of fact for clear error and apply de novo review to its conclusions of law. *United States v. Boles*, 914 F.3d 95, 102 (2d Cir. 2019). To the extent that a district court's determination may involve a mixed question of law and fact, we apply de novo review, including to any ultimate determination of whether the established facts satisfy the relevant legal standard. *See United States v. Fiseku*, 915 F.3d 863, 869 (2d Cir. 2018).

Folks argues that the warrant for his Burlington residence (the "Burlington Residence warrant") specifically and purposefully omitted "computers" and the like from its comprehensive list of cell phones and business records of all types to be seized. The Fourth Amendment provides that "a warrant may not be issued unless probable cause is properly established and the scope of the authorized search is set out with particularity." *Kentucky v. King*, 563 U.S. 452, 459 (2011). We have held that the particularity requirement has three components. First, the warrant must identify the specific offense for which the police have established probable cause; second, a warrant must describe the place to be searched; and third, the warrant must specify the items to be seized by their relation to designated crimes. *United States v. Galpin*, 720 F.3d 436, 445–46 (2d Cir. 2013).

Folks's argument is predicated on the fact that "computers" were not explicitly named in the warrant. However, a warrant satisfies the particularity requirement if it is "sufficiently specific to permit the rational exercise of judgment [by the executing officers] in selecting what items to seize." *United States v. Shi Yan Liu*, 239 F.3d 138, 140 (2d Cir. 2000) (citation and quotation marks omitted). "In upholding broadly worded categories of items available for

seizure, we have noted that the language of a warrant is to be construed in light of an illustrative list of seizable items." *United States v. Riley*, 906 F.2d 841, 844 (2d Cir. 1990). And "[o]nce a category of seizable papers has been adequately described, with the description delineated in part by an illustrative list of seizable items, the Fourth Amendment is not violated because the officers executing the warrant must exercise some minimal judgment as to whether a particular document falls within the described category." *Id.* at 845.

Folks's argument that the Burlington Residence warrant specifically omitted computers is untenable. The search warrant authorized police to seize any and all items that could be evidence of violations of drug trafficking including "U.S. currency, foreign currency, jewelry, bank books, bank statements, receipts, warranties, electronics, financial and negotiable instruments, checks, and money orders, records of wire transfers, tax records." App'x at 202. Not to mention, Subsection 1.e authorizes the seizure of "any and all passwords necessary to access the data contained within the cellular telephones, smart phones, and other electronic items being seized." App'x at 202. Because the warrant specifically permitted seizure of "electronics," a category into which computers and tablets would fall under the plain text, not to mention passwords that would allow access into those electronics, the warrant by its plain text allows the seizure of the computer and tablet. *See United States. v. Bershchansky*, 788 F.3d 102, 111 (2d Cir. 2015) ("We look directly to the text of the search warrant to determine the permissible scope of an authorized search.").

Folks next argues that the six-month delay between the seizure of the computer and obtaining the warrant to search Folks's electronic devices ("the Devices Warrant") violated the Fourth Amendment. Where, as here, a defendant fails to raise an argument in a pre-trial suppression motion, the argument is waived. *United States v. Yousef*, 327 F.3d 56, 144 (2d Cir. 2003). Folks argues that he did not waive his argument because he relies on *United States v. Smith*, which was not decided until 2020 and his motion to suppress was argued in 2018. 967 F.3d 198, 206 (2d Cir. 2020). However, there is no reason that Folks could not have raised his argument that the Devices Warrant violated the Fourth Amendment in 2018, as it was not dependent on *Smith*.

Finally, Folks argues that the district court erred in not suppressing the evidence seized from the devices because the warrant allowed for the over-seizure of data, and no provision was made for minimization procedures concerning the government's handling and retention of material not within the scope of the search. Folks does not identify any digital evidence that was improperly seized under the Devices Warrant. To the extent Folks argues that the copying of his entire hard drive was inappropriate, Federal Rule of Criminal Procedure 41 expressly allows that law enforcement may copy an entire hard drive for later review. And *United States v. Ganias* held that the copying of an entire hard drive and its long-term storage does not violate the Fourth Amendment. 824 F.3d 199, 215 (2d Cir. 2016). Folks's argument that the warrant should have provided for "minimization procedures" is likewise unavailing. We have previously declined to impose any specific search protocols or minimization undertakings for upholding digital search warrants and decline to do so here. *Galpin*, 720 F.3d at 451.

## II.     Motion for a New Trial

Folks next argues that the district court abused its discretion in denying his motion for a new trial under Rule 33 because the attempted review of this hard drive by Drug Enforcement Administration ("DEA") intelligence analyst Marilyn Epp violated the Fourth Amendment. *See United States v. Rivas*, 377 F.3d 195, 199 (2d Cir. 2004) (standard of review for motion for new trial is abuse of discretion). "In deciding a Rule 33 motion, [t]he test is whether it would be a manifest injustice to let the guilty verdict stand." *United States v. James*, 712 F.3d 79, 107 (2d Cir. 2013) (quotation marks omitted). The district court did not abuse its discretion here. Epp's review, which occurred after agents had obtained the Devices Warrant but before the DEA enlisted the forensic agent to assist with the review, involved around 2,200 files, none of which were used at trial, and even Folks's expert found no evidence that Epp's attempted review affected the Government's exhibits. Folks's reliance on *United States v. Triumph Capital Group,, Inc.*, 211 F.R.D. 31, 48 (D. Conn. 2002), is misplaced, as it does not require finding that Epp's attempted review violated the Fourth Amendment.

Folks's remaining argument is that the district court judge who conducted his trial inappropriately relied upon the previous district court judge's denial of the motion to suppress the Devices Warrant. However, as discussed above, Epp's attempted review would not have resulted in suppression anyway since the search did not violate the Fourth Amendment. Second, as the Government points out, Folks's motion for a new trial did not challenge the Devices Warrant. And the record indicates that the district court did not rely on the earlier motion to suppress or the Devices Warrant to deny the motion for new trial. Instead, the district court relied on its prior decision that the computer evidence was admissible under Federal Rule of Evidence 901(a) despite Epp's attempted review. As the district court found, Folks did not explain how he was prejudiced by Epp's attempted review, and he has failed to establish that a manifest injustice would arise if we were to let the jury verdict stand.

## III.     Prosecutorial Misconduct Did Not Substantially Prejudice Folks

Folks also argues that the government's questioning on cross-examination and statements made during summation amounted to plain error. Both parties agree plain error review applies here because this challenge was not raised below. To meet this standard, there must be: "(1) 'error,' (2) that is 'plain,' and (3) that 'affects substantial rights.' If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Eldrige*, 2 F.4th 27, 36 (2d Cir. 2021) (citing *Johnson v. United States*, 520 U.S. 461, 466–67 (1997)). "[I]t is the defendant's burden to 'establish[ ] each of the four requirements for plain-error relief,' including that his substantial rights were affected." *Id.* at 37 (citing *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021)). Error is plain if it is "so egregious and obvious as to make the trial judge and prosecutor derelict in permitting it, despite the defendant's failure to object." *United States. v. Brown*, 352 F.3d 654, 664–65 (2d Cir. 2003) (citing *United States v. Gore*, 154 F.3d 34, 42–43 (2d Cir. 1998) (internal quotation marks and citations omitted)). Such instances will typically involve review of a potential constitutional error. *Id.* at 665.

4

To obtain a new trial based on prosecutorial misconduct during a summation, a defendant must show that when "viewed against the entire argument to the jury, and in the context of the entire trial," the misconduct was "so severe and significant as to have substantially prejudiced him." *United States v. Sheehan*, 838 F.3d 109, 127–28 (2d Cir 2016) (citations omitted). In assessing substantial prejudice, the Court considers the severity of the misconduct, the curative measures taken, and the certainty of conviction absent the misconduct. *United States v. Certified Env't Servs., Inc.*, 753 F.3d 72, 95 (2d Cir. 2014) (substantial prejudice during summation); *United States v. McCarthy*, 54 F.3d 51, 55 (2d Cir. 1995) (substantial prejudice during cross-examination).

During Folks's cross-examination, the government asked him whether other witnesses were lying when they testified that Folks, who sex-trafficked the witnesses, posted photos of them on the internet, and took portions of their earnings. Folks argues, and the government concedes, that such questions were improper. However, the government argues that the questions were not so improper or severe as to deprive Folks of a fair trial when "viewed in the context of the entire trial." *United States v. Truman* 688 F.3d 129, 144 (2d Cir. 2012) (internal quotation marks omitted); *cf United States v. Richter*, 826 F.2d 206, 209-10 (2d Cir. 1987) (overturning conviction where the government's improper questions tainted the entirety of the trial.)

 "We have [] held that a prosecutor's repeated requests that a witness opine on whether his fellow witnesses were mistaken or lying may require the grant of a new trial." *Id.* at 143 (internal quotation marks omitted). Here, the government's questioning, while improper, did not transgress this boundary. We have not deemed it substantially prejudicial where the government improperly asks "were-they-lying" questions about the testimony of lay people. *Id.* at 143–44. Additionally, the government's questions did not involve the central issues of the case, or mislead the jury as to those issues. Folks failed to sustain his burden that he was substantially prejudiced. *Eldrige*, 2 F.4th at 37 ("[I]t is the defendant's burden to 'establish[] each of the four requirements for plain-error relief,' including that his substantial rights were affected." (quoting *Greer*, 141 S. Ct. at 2907)).  Similarly, while some of the government's comments during summation were inartful, none of the comments were so egregious as to substantially prejudice Folks.

## IV.    No Cumulative Error

Finally, Folks seeks to vacate the verdict on the ground that the trial court committed so many errors that even if harmless when considered individually, their cumulative effect denied him due process. *United States v. Al-Moayad*, 545 F.3d 139, 178 (2d Cir. 2008). As discussed above, there was no error in admitting the computer evidence, and any alleged prosecutorial misconduct did not substantially prejudice Folks. We see no ground for vacatur.

5

We have considered the remainder of Folks's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk